[Civ. No. 7524. First Appellate District, Division Two.—April 3, 1931.]

THOMAS B. WINWARD, Respondent, v. HAROLD CALDWELL et al., Appellants.

James M. Koford and J. J. Earle for Appellants.

Kilpatrick & Goodman for Respondent.

STURTEVANT, J.—The plaintiff was injured by being hit by an automobile. To recover damages for the injury sustained he commenced this action. The defendants answered and a trial was had before the court sitting with a jury. The jury returned a verdict in the sum of $20,000. The defendants made a motion for a new trial and on their objection to the amount the verdict was reduced to the sum of $10,000. From a judgment entered thereon the defendants have appealed.

 The first point made by them is that the verdict is still excessive. They cite several decisions. In reply the plaintiff also cites several decisions. As no two cases are alike in their facts other decisions are of little help. In support of the judgment we will take the evidence most favorable to the plaintiff and we will recite some of the testimony to be found in the record. At the time of the accident the plaintiff was a hale and hearty man of the age of sixty-four years. When he was struck by the automobile he so fell that he struck on his head and shoulders. In striking his head he did so with such violence that he was knocked unconscious and so remained until the next day. At the time of the trial he complained of headaches which commenced at the time of the accident and continued down until the date of the trial, about three months later. His scalp was so torn that the attending doctor took eight stitches in it. The injury to his shoulder resulted in a broken or "shattered" scapula. The clavicle was broken at the point. The fracture of the scapula went right through the glenoid cavity in which the humerus revolves. The bones have knit. The ulnar nerve was so injured that it has not recovered. At the time of the trial the injured shoulder prevented the plaintiff from lying on his side and compelled him to lie on his back. Two fingers were numb and moved with less strength than before the accident. At the same time the shoulder girdle was so injured that the angle of abduction was reduced fifty per cent. The evidence

was conflicting as to the permanency of these injuries. Shortly after the accident plaintiff suffered from bladder trouble. There was some evidence to the effect that it was the result of the accident and was quite pronounced and had not disappeared at the time of the trial. After the accident the plaintiff complained of severe pains in his chest and he testified that he was still suffering in that respect at the time of the trial. When his body was examined at the hospital soon after the accident there were many contusions and bruises thereon. He suffered a great deal of pain at first and was in the hospital over sixty days. The occupation of the plaintiff immediately before the accident was that of a special policeman and watchman for the Encinal Terminal in Alameda. In that occupation it was his duty at frequent intervals to raise and lower a pipe used instead of a gate. In raising the pipe it required the use of both hands to pull on a rope. The evidence is clear that the plaintiff will hereafter be able to "watch", but it is not clear that he will be able to do the same work which he was doing immediately before the accident. The rule governing the actions of courts of review in these matters is settled by a long line of decisions (*Kelley* v. *Hodge Transp. System,* 197 Cal. 598, 610 [242 Pac. 76]), and we think that in the case at bar we are not at liberty to disturb the verdict as modified by the trial court.

In the next place the defendants assert that the plaintiff was personally guilty of misconduct before the jury. In their motion for a new trial they offered affidavits showing that the plaintiff shed tears while giving his testimony and appeared before the jury during the trial with his arm in a sling. They call to our attention that there was considerable evidence to the effect that on said date there had been such a recovery that the arm should have been out of a sling and should have been in use for the purpose of further perfecting the recovery, whereas the plaintiff entered the courtroom with his arm in a sling for the purpose of influencing and prejudicing the jury. All of these were matters of fact called to the attention of the trial court. The record is not in that form that the court is able to say that the order of the trial court denying the motion of the defendants for a new trial was not supported by the evidence.

■ Defendants' proposed instruction No. 17 contained the expression " . . . and if you find that the plaintiff was guilty of any contributory negligence, however slight, which proximately contributed to cause the injuries complained of . . . " the plaintiff cannot recover. Defendants' proposed instruction No. 18 contained similar language. The trial court did not give either one because, as it stated, said instructions were covered by other instructions. The defendants then set forth instruction No. 28, which was given: "Contributory negligence is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of a defendant, was *the* proximate cause of the injury complained of. Even slight contributory negligence will bar a recovery. . . . But if from a preponderance of all the evidence in this case *such* contributory negligence has been shown, then the burden of proof rule has been met by the defendant." (Defendants' italics.) Thereupon they contend that the instructions as given were to the effect that the plaintiff was entitled to recover unless his negligence was the entire proximate cause of the injury. The instruction given is hardly susceptible of the meaning which the defendants place on it. However, instructions 22, 23, 25, 27, 36 and 37 each and all contain language pertinent to the point under discussion. When they are read in connection with instruction No. 28 it will be seen that the rule of law was stated to the jury in the identical terms which the defendants are contending for.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1931.